IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 21 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-01580-BNB

GERALD ZACHARY HAMMOND,

Applicant,

v.

BILL LOVINGER, Colo. Atty. Gen., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

Applicant, Gerald Zachary Hammond, currently is detained at the Denver County Jail in Denver, Colorado. Mr. Hammond initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. On August 14, 2007, the Court instructed Applicant to amend the Application and assert specific claims for relief as well as specific facts to support each assert claim. On September 14, 2007, Mr. Hammond filed an Amended Application.

The Court must construe the Amended Application liberally because Mr. Hammond is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hammond will be ordered to file a Second Amended Application.

The Court has reviewed the Amended Application and finds again that it is deficient. Although Mr. Hammond now has set forth three claims--entrapment,

malicious prosecution, and ineffective assistance of counsel--with supporting facts, he fails to state clearly how he has exhausted his state court remedies. Applicant's responses to the questions set forth on Pages Two through Four are confusing and contradictory to the responses he gave to the same questions in his original Application. The Court is not able to determine from Applicant's responses whether he has exhausted the claims he raises in the instant action or whether they are time-barred under 28 U.S.C. § 2244(d).

On Page Three of the Application form, Mr. Hammond states in response to Question Six that his attorney currently is working on his claims on direct appeal. On Page Four of the form, however, Applicant responds to Question One by stating that he has presented his claims to the state's highest court. Furthermore, Mr. Hammond appears to be challenging his state conviction in Case No. 02-cr-4010, but he also refers to Case No. 06-cr-4953 and asserts that he has at least one appeal pending in state court. Finally, in the original Application, Mr. Hammond states that he filed a postconviction motion alleging ineffective assistance of counsel, but in the Amended Application he states that he did not file a postconviction motion.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. **See *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).** The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. **See *Castille v. Peoples*, 489 U.S. 346, 351 (1989).** Fair presentation requires that the

federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Applicant should take note also that if he is barred procedurally from raising his claims in the state courts, he may seek review in this Court only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Pursuant to 28 U.S.C. § 2244(d), a one-year limitation period applies to the instant action. Section 2244(d) specifically provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

>  retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Without knowing the dates Mr. Hammond filed either a direct appeal or a postconviction motion and when the direct appeal and the postconviction motion were denied in state courts, this Court is not able to determine when the one-year limitation period began to run. Also, given the conflicting information Applicant has provided regarding whether the claims raised in the instant action were raised in the state's highest court the Court is not able to determine if Applicant has exhausted his state court remedies.

Mr. Hammond also should take note that pursuant to 28 U.S.C. § 2243 an application for writ of habeas corpus is directed to the person who has custody of the person detained. The only correct respondent in this action would be the custodian of the facility where Mr. Hammond is incarcerated. Therefore, Mr. Hammond is instructed to name the custodian of the facility where he is incarcerated in the Second Amended Application. Accordingly, it is

ORDERED that Mr. Hammond file **within thirty days from the date of this Order** a Second Amended Application that complies with the Order. It is

4

FURTHER ORDERED that the Clerk of the Court mail to Mr. Hammond, together with a copy of this Order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Hammond fails within the time allowed to file a Second Amended Application as directed the action will be dismissed without further notice.

DATED September 21, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01709-BNB

Gerald Z. Hammond
Prisoner No. 1547541
Denver County Jail
PO Box 1108 Bldg 20H-19
Denver, CO 80201

Gerald Z. Hammond
1776 Williams St.
Denver, CO 80218

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on    9/21/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk